

# THE COUNTY of DALLAS
## OFFICE of the COUNTY CLERK
### John F. Warren

George Allen Sr. Courts Building
600 Commerce Street, Suite 101
Dallas, TX 75202-3551

## CERTIFICATE

*CAUSE NO. CC-22-04153-A*

*MARIA DELBOSQUE , PLAINTIFF(S)*

*VS.*

*SAM'S EAST, INC , DEFENDANT(S)*

I, **JOHN F. WARREN**, *County Clerk of Dallas County and Clerk of the County Courts at Law for the County of Dallas, State of Texas do hereby certify and that the following is a TRUE AND CORRECT COPY OF:*

**PLAINTIFF'S ORIGINAL PETITION** was filed on the 2nd of August, 2022

*The same appear in the Original now on file and of record in the County Courts at Law of Dallas County, Texas.*

*WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE, this* **24th day of August, 2022.**

*JOHN F. WARREN, County Clerk*
*Dallas County, Texas*

By_____ Deputy Clerk
**Guisla Hernandez**



Case 3:22-cv-01953-G Document 1-3 Filed 09/02/22 Page 2 of 10 PageID 11

FILED
8/2/2022 2:55 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-04153-A

CAUSE NO. _____

| | | |
|---|---|---|
| **MARIA DELBOSQUE,** | § | IN THE COUNTY COURT AT LAW |
| *Plaintiff,* | § | |
| | § | |
| V. | § | NO. _____ |
| | § | |
| **SAM'S EAST, INC.,** | § | |
| *Defendant.* | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** MARIA DELBOSQUE (hereinafter sometimes "Plaintiff"), complaining of and about SAM'S EAST, INC. (hereinafter sometimes called by name or "Defendant"), and for cause of action would show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1. Plaintiff intends to pursue this as a TRCP 190.3 Level 2 case by agreement.

### II. PARTIES AND SERVICE

2.1. Plaintiff, MARIA DELBOSQUE (hereinafter sometimes "Maria"), is an individual who is a resident and citizen of Dallas, Texas. Pursuant to CPRC § 30.014, the last three digits of Plaintiff's driver's license number are 928, and the last three digits of her social security number are XXX.

2.2. Defendant SAM'S EAST, INC., is an Arkansas for-profit corporation. Defendant SAM'S EAST, INC. may be served with process by serving the registered agent of said company, as follows: <u>SAM'S EAST, INC., via its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN STREET, STE. 900, DALLAS, TEXAS 75201</u>. **CITATION IS REQUESTED.**

---

PLAINTIFF'S ORIGINAL PETITION  Page 1

## III.
## JURISDICTION AND VENUE

3.1. The subject matter in controversy is within the jurisdictional limits of this court.

3.2. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and Plaintiff demands judgment for all the other relief to which she is deemed entitled. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

3.3. In pleading further, Plaintiff further stipulates, agrees, acknowledges, and confirms that the total amount of all damages and any other form of additional affirmative relief in this action does not exceed $74,999.99, including actual damages, special damages, exemplary damages, attorney's fees, or any other type of damages or award that is measurable in money, and the value attributable to any other relief sought by Plaintiff or that Plaintiff will seek in the form of a judgment or settlement does not exceed $74,999.99, exclusive of interest and costs. Plaintiff further stipulates, agrees, acknowledges, and confirms that in the event that the judge or jury awards Plaintiff any amount in excess of $74,999.99, Plaintiff will file a Motion for Remitter and/or a Motion to Modify the Judgment in the time period specified by applicable law, requesting that the trial court reduce the award to an amount equal to or less than $74,999.99.

3.4. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.5.    Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

3.6.    Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

3.7.    Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code.

3.8.    Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

4.1.    On or about Tuesday, August 4, 2020, at or around 3:35 PM, Maria was shopping at the Sam's Club located at 5555 Buckner Blvd, Dallas, TX 75228, in Dallas County, Texas ("Sam's Club" or "Subject Premises") during normal business hours.

4.2.    Based on information and belief, the Sam's Club where Maria was shopping at all relevant times is commonly known as SAM'S CLUB and/or DALLAS SAM'S CLUB and/or SAM'S CLUB #6482 and is owned, managed, and/or operated by Defendant SAM'S EAST, INC.

4.3.    Based on information and belief, as Maria was shopping at the subject Sam's Club near the front check out, Maria suddenly, unexpectedly, and without warning, slipped


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

on a foreign transitory substance on the floor of the shopping center causing her to fall and forcefully strike the ground with her body.

4.4. At all times material hereto, there were no signs, barricades, or other visual or auditory warnings present to alert Maria of the danger posed by the slippery foreign transitory substance on the floor that caused her to slip and fall.

4.5. As a result of the fall Maria sustained personal injuries including, but not limited to, injuries to her back, hip, and knees, among other injuries.

4.6. Following her fall Maria sought and received medical treatment for her physical harms. Maria's doctor identified several injuries which required medical treatment.

4.7. Based on information and belief, at all times material hereto, Defendant was the owner and/or possessor and/or managing entity in control of the subject premises. Further, at all times material hereto, Defendant's premises was open to the public for transacting business.

4.8. As the owner and/or possessor, Defendant owed Plaintiff and others a duty to maintain the subject premises in a condition that would not pose an unreasonable of harm, including the area where Plaintiff was injured.

4.9. Defendant, as owner, possessor, controller, occupier, and/or agent of said owner, possessor, controller, and/or occupier of the premises owed Plaintiff a duty to exercise reasonable care for her safety.

4.10. All of Maria's injuries occurred as a direct result of the fall inside the Sam's Club that was proximately caused by the dangerous condition described herein, which Defendant knew or, in the exercise of ordinary care, should have known existed and failed to take reasonable action in response thereto.



## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR

5.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-4.10 above as if same were set forth at length herein.

5.2. Based on information and belief, at the time of Maria's fall and her resulting injuries and immediately prior thereto, various managers and employees were acting within the course and scope of their employment for Defendant.

5.3. At the time of Maria's fall and her resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in the furtherance of Defendant's business.

5.4. At the time of Maria's fall and her resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in accomplishing a task for which they were employed by Defendant.

5.5. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant.

5.6. Defendant, by and through its agents, servants, and employees, based on information and belief is liable to Maria for failing to furnish sufficient warnings to make her aware of the location of the slippery foreign transitory substance on the floor inside of the Sam's Club, and for failing to exercise reasonable care for Maria's safety.

## VI.
## PREMISES LIABILITY

6.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-5.6 above as if same were set forth at length herein.

6.2. Based on information and belief, Defendant, at the time of the incident complained of herein, owned, possessed, and/or maintained control of the subject premises

PLAINTIFF'S ORIGINAL PETITION  Page 5

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

and, as such, owed to Plaintiff a non-delegable duty to maintain its premises in a safe condition.

6.3. Moreover, upon information and belief, Defendant, as owner and/or possessor and/or as agent of said owner and/or possessor of said premises, knew or should have known of the unreasonably dangerous condition created by the slippery substance on the floor of the subject Sam's Club, and Defendant neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

6.4. Maria did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to her fall.

6.5. Defendant's creation of the dangerous condition, failure to correct or barricade the condition, and/or failure to warn Plaintiff of the condition, in a reasonably timely manner, constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## VII.
## PROXIMATE CAUSE

7.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-6.5 above as if same were set forth at length herein.

7.2. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES FOR PLAINTIFF

8.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-7.2 above as if same were set forth at length herein.

PLAINTIFF'S ORIGINAL PETITION  Page 6

8.2. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Maria suffered serious physical harms and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the Court:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Mental anguish in the past;

    e. Physical impairment in the past;

    f. Disfigurement in the past;

    g. Physical pain and suffering in the future;

    h. Mental anguish in the future;

    i. Physical impairment which, in all reasonable probability, will be suffered in the future; and

    j. Disfigurement in the future.

8.3. Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.4. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court.

---

PLAINTIFF'S ORIGINAL PETITION      Page 7



TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

9.1. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties' names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendant herein.

## X.
## DISCOVERY

10.1. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose, within thirty (30) days after the filing of the first answer, the information and material described in Rules 194.2(b), 194.3, and 194.4 of the Texas Rules of Civil Procedure.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MARIA DELBOSQUE, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

Respectfully submitted,

By: /s/ *Geoffrey E. Schorr*
   Geoffrey E. Schorr
   Texas Bar No. 24029828
   geoff@schorrfirm.com
   A. Jared Aldinger
   Texas Bar No. 24068456
   jared@schorrfirm.com
   Hutton W. Sentell
   Texas Bar No. 24026655
   hutton@schorrfirm.com

**SCHORR LAW FIRM, PC**
328 W. Interstate 30, Suite 2
Garland, TX 75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE